JENNIE GINN BY HER DULY APPOINTED NEXT FRIEND, W.
DORTCH LANGSTON, JR. v. MILDRED SMITH AND HUSBAND,
RUPERT SMITH, JAMES MORGAN SMITH AND WIFE, MARY-
LEEN SMITH, AND CLARENCE GINN

No. 738SC795

(Filed 16 January 1974)

Appeal and Error § 8— deceased incompetent plaintiff — appeal by next
friend — failure to substitute administrator — dismissal of appeal

Appeal from dismissal of action as to part of the defendants is
dismissed because it was not prosecuted by the real party in interest
where the incompetent plaintiff died after the action was instituted
on her behalf by her next friend, the trial court authorized and
directed that an administrator of deceased plaintiff's estate be sub-
stituted as plaintiff, and no administrator has been appointed and
substituted as plaintiff but the next friend has undertaken to prose-
cute the appeal. G.S. 1A-1, Rule 25(a) ; G.S. 28-172.

APPEAL by plaintiff from *James, Judge,* 20 August 1973
Session of Superior Court held in WAYNE County. Argued in the
Court of Appeals 29 November 1973.

*Sasser, Duke and Brown, by John E. Duke and J. Thomas
Brown, Jr., for the plaintiff.*

*Strickland and Rouse, by Thomas E. Strickland, for the
defendants.*

BROCK, Chief Judge.

In April 1965 Mr. W. Dortch Langston was appointed Next
Friend of Jennie Ginn upon the allegation that she was *non
compos mentis* by reason of senility and upon the allegation that
she had a cause of action against defendants. Complaint was
filed in this action by the said Next Friend in April 1965 and
demurrer thereto was filed in May 1965. The matter thereafter
languished in the Superior Court until August 1973.

By order entered 20 August 1973, Judge James decreed that
certain of defendants were not proper parties and dismissed
the action as to them. This appeal is purportedly taken from
that portion of the order dismissing the action as to some of
the defendants.

In the same order of 20 August 1973, Judge James found
that Jennie Ginn is deceased and decreed that a proper party

Ginn v. Smith

should qualify as her administrator and be made the party plaintiff in this action. So far as the record on appeal discloses, no action has been taken to have an administrator appointed and substituted as party plaintiff. The record on appeal reveals that this appeal is docketed and pursued by Mr. W. Dortch Langston, Jr., Next Friend of Jennie Ginn.

G.S. 1A-1, Rule 25(a) provides: "No action abates by reason of the death of a party if the cause of action survives. In such case, the court, on motion at any time within one year thereafter, or afterwards on a supplemental complaint, may order the substitution of said party's personal representative or successor in interest and allow the action to be continued by or against the substituted party." G.S. 28-172 provides that in the event of the death of a person, his right to prosecute a cause of action which survives, shall survive to the executor, administrator or collector of his estate. Therefore, the executor, administrator or collector of the estate of Jennie Ginn became the real party in interest in this action after her death.

Every claim shall be prosecuted in the name of the real party in interest. G.S. 1A-1, Rule 17. However, in this action, although the trial judge expressly authorized and directed the substitution of an administrator of the estate of Jennie Ginn as plaintiff, the Next Friend has undertaken to prosecute this appeal.

Appeal dismissed.

Judges PARKER and VAUGHN concur.